FILED '08 JUL 30 14:03 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DEBORAH A. PERRY and<br>LAURA J. PERRY,<br><br>      Plaintiffs,<br><br>vs.<br><br>BENEFICIAL OF OREGON, INC.,<br>BRIAN D. COX, and<br>VERMILYEA LAW FIRM,<br><br>      Defendants. | Civ. No. 08-6130-TC<br><br>FINDINGS AND RECOMMENDATION |

Coffin, Magistrate Judge:

    Defendants move to dismiss plaintiffs' claims for lack of jurisdiction and failure to state a claim upon which relief can be granted (#13, #17, #19). For the reasons that follow, defendants' motions should be granted.

    On December 29, 2004, a trustee's sale was held following defendant Beneficial's nonjudicial foreclosure on its deed of trust, which encumbered real property at 273 Wakonda Beach SW in Waldport, OR. A trustee's deed was recorded on January 13, 2005, giving Beneficial title to the property. In a 2007 General Judgment, the Lincoln County Circuit Court reaffirmed that

1 Findings and Recommendation

Beneficial was the vested owner of the property and reformed the deed to include additional "improved land." In February 2008, the circuit court granted a directed verdict and entered judgment in favor of Beneficial as against plaintiffs. That judgment authorized the Clerk of the Court to issue a Notice of Restitution directing the Lincoln County Sheriff to place Beneficial in sole possession of the property at issue. Another notice was later issued directing the sheriff to place Beneficial in sole possession of the improved property.

The one-page complaint at issue was filed in April 2008, and makes vague and conclusory allegations against Beneficial, Brian D. Cox, and Vermilyea Law Firm for duress, slander, breach of contract, illegal eviction, and harassment, which plaintiffs contend caused them unspecified damages.

### Standard

Defendants argue that this action should be dismissed because this Court lacks subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), and because the complaint fails to state a claim for relief (Fed. R. Civ. P. 12(b)(6)). The district court has original jurisdiction where there is diversity of citizenship and the matter in controversy exceeds $75,000, or where the action sets forth claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§1331, 1332. The complaint fails to set forth sufficient facts to establish jurisdiction under either theory.

Furthermore, even if this Court had jurisdiction, plaintiffs fail to state a claim for relief. "Material

2 Findings and Recommendation

allegations in a complaint must be taken as true and viewed in the light most favorable to the plaintiff." Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (citing Daviton v. Columbia/HCA Healthcare Org., 241 F.3d 1131, 1133 n. 1 (9th Cir. 2001). A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). If the claim is not based on a proper legal theory , it should be dismissed. Keniston, 717 F.2d at 1300.

Plaintiffs' complaint makes only vague and conclusory allegations and fails to state a claim.

Moreover, defendants Beneficial and Cox argue that plaintiffs' vague claim of ownership is barred by res judicata and collateral estoppel. Those challenges may properly be raised in a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). In addition, the Court may consider matters outside the complaint which may be judicially noticed. Specifically, Fed. R. Evid. 201 permits this Court to take judicial notice of Oregon circuit court proceedings because the legal implications of those orders present a pure question of law. The circuit court entered several dispositive orders as to the issue of ownership and possession of the

3 Findings and Recommendation

property. Accordingly, plaintiffs' vague claims of ownership and possession, which arise out of the same set of facts in the state court actions, have been fully adjudicated. Plaintiffs fail to make a claim on that basis in this Court.

## Conclusion

For the foregoing reasons, defendants' motions to dismiss (#13, #17, #19) should be granted.

Dated this 30T day of ~~August~~ July, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

4 Findings and Recommendation